## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CLAUDIA I. TRUJILLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 12-2380-JAR-DJW** |
| | ) | |
| **CITY OF NEWTON, KANSAS, et. al.**, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff Claudia Trujillo filed this suit against Defendants Bryan Hall, Deanna Mowery, and the City of Newton ("the Newton Defendants"), and against Janell Buford and the Harvey County Board of County Commissioners, relating to her arrest and subsequent strip search at the Harvey County Adult Detention Center on October 29, 2011.  Plaintiff filed an Amended Complaint without obtaining prior leave of Court on August 31, 2012, adding Sheriff T. Walton as a Defendant, a claim against Defendant Buford, and factual matter to the existing claims.

Defendants Buford, Walton, and the Harvey County Board of County Commissioners' ("the Harvey County Defendants") filed motions to dismiss the claims asserted against them in the original and amended complaints.  In a February 12, 2013 Memorandum and Order, this Court found that the Amended Complaint (Doc. 14) was improvidently filed without leave of Court and instead construed it as a motion for leave to amend.  The Court granted the Harvey County Defendants' motion to dismiss the claims asserted against them in the original Complaint, and denied the motion to amend because the proposed amendments would be futile. Before the Court is Plaintiff's Motion to Reconsider Order and Alter or Amend Judgment (Doc. 40).  Defendants have responded and oppose the motion.  As described more fully below, the

Court denies Plaintiff's motion.[1]

I.      **Background**

In deciding the Harvey County Defendants' motion to dismiss, this Court viewed the allegations in the Complaint and proposed Amended Complaint in the light most favorable to Plaintiff.  Plaintiff was arrested after a traffic stop of a vehicle in which she was a passenger by City of Newton police officers Mowery and Hall.  These officers found two bags of alleged marijuana, one bag of crushed diet pills, and one bag of tobacco in the driver's purse.  The officers arrested Plaintiff for "possession with intent to distribute" and ordered strip searches on both Plaintiff and the driver.  Plaintiff arrived at the Harvey County Detention Center, where Defendant Deputy Janell Buford is a female jailer.  Officer Mowery and Buford conducted a visual strip search of Plaintiff.  They found no contraband.  During all relevant times, Mowery and Buford were aware that Plaintiff was seventeen years old.

After the strip search, Buford completed and signed a strip search authorization form, "Probable Cause/Reasonable Suspicion Assessment Form (For Authorization in Strip Searches of Traffic and Misdemeanor Arrestees)."  Buford's shift supervisor signed the form as well.  Buford checked the item on the form that search was based on "the nature of the criminal charges pending against the arrestee."[2]

The Court found that Defendants Buford and Walton were entitled to qualified immunity on the individual capacity claims asserted against them because Buford had reasonable suspicion that Plaintiff was concealing contraband based on the drug charges upon which she was arrested.

---

[1]Plaintiff requests oral argument on this motion.  The Court does not find that oral argument would materially assist the Court in deciding this motion, so Plaintiff's request is denied.

[2]Doc. 14, Ex. 1.

Moreover, the Court found that the law was clearly established that a corrections officer was justified in strip searching an arrestee based on reasonable suspicion that the arrestee possessed drugs, and that the charges upon which Plaintiff was arrested could provide such reasonable suspicion.

## II.    Discussion

Plaintiff moves for reconsideration of the Court's February 12 Order dismissing Count II against Defendant Buford on the following grounds: (1) the proposed Amended Complaint did not allege that Plaintiff was ever "charged with a crime"; and (2) the proposed Amended Complaint does not allege that Buford had knowledge of the "charges" at the time of the strip search.  Under D. Kan. Rule 7.3, a party must file a motion for reconsideration under either Fed. R. Civ. P. 59(e) or 60.  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Plaintiff challenges the Court's finding that Defendant Buford's strip search was justified by a reasonable suspicion that she was concealing contraband based on the nature of the charges for which Plaintiff was arrested.  Plaintiff argues that the pleadings do not allege that Buford was aware of the reason for Plaintiff's arrest and that Plaintiff was in fact never "charged" with a

---

[3]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[4]*Servants*, 204 F.3d at 1012.

drug offense.

As an initial matter, the Court agrees with Defendants that Plaintiff's use of the word "charge" in the pleadings and in her argument differs from the Court's use of that word in the Order. It is undisputed that Plaintiff was never formally "charged" with a crime—she was eventually released and never prosecuted for any conduct arising out of the traffic stop. It also does not appear to be in dispute that she was arrested without a warrant after the Newton police officers found drugs in the car in which she was riding as a passenger. The Court did not err in finding that reasonable suspicion could be based on the charges upon which Plaintiff was <u>arrested</u>. Her pleadings allege that she was arrested for a drug offense and transported to the Harvey County jail for detention until she could be formally charged. The fact that she was arrested on such charges is not inconsistent with the undisputed fact that a formal charging document was never filed against her.[5] The offense for which she was arrested could form the basis of reasonable suspicion for a strip search, as discussed in detail by the Court in its February 12 Order, regardless of whether she was ultimately prosecuted for that charge.

Plaintiff also claims that the Court erred in finding that the proposed Amended Complaint alleged that Deputy Buford knew that Plaintiff had been arrested for a drug offense. Plaintiff points to the allegation that "Mowery and Buford both knew or should have known that Plaintiff Trujillo had not, at that time or any time thereafter, been charged with a crime." But again, the fact that no formal charges were brought against Plaintiff does not determine the issue. Plaintiff alleged that Plaintiff was arrested and that Officer Hall told Officer Mowery to charge Plaintiff

---

[5]*See Archuleta v. Wagner*, 523 F.3d 1278, 1285 (10th Cir. 2007) (evaluating reasonable suspicion on charge in arrest warrant even though the "charges" against her were eventually dismissed); *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000) (explaining that an officer can make a warrantless arrest on the basis of probable cause that a crime has been committed).

with possession with intent to distribute and to tell "Tony," "strip searches on both."  Officer Mowery conducted the strip search along with Buford after Mowery brought Plaintiff to the detention facility.  The proposed Amended Complaint alleges that Buford completed a form authorizing the search and that as a basis for the search, Buford checked the "the nature of the criminal charges pending against the arrestee."  It is not reasonable to infer, given these factual allegations, that Buford had no knowledge about the basis for Plaintiff's arrest.  The fact that Plaintiff was arrested for a drug offense was sufficient to justify a visual strip search based on the reasonable suspicion that Plaintiff concealed contraband.[6]

Moreover, whether the police officers had probable cause to arrest Plaintiff on drug charges is not relevant to this inquiry.  Buford was not the arresting officer, so she was entitled to rely in good faith on the propriety of the Newton police officers' arrest.[7]  As described in detail in the Court's February 12 Order, the fact of this arrest was sufficient to justify her conduct during the strip search because Plaintiff was arrested for an offense "'commonly associated by its very nature with the possession of . . . contraband.'"[8]

In sum, the Court finds no grounds upon which to reconsider its February 12 Order. Plaintiff has not met her burden of showing that the Court committed clear error in granting

---

[6]*Archuleta v. Wagner*, 523 F.3d 1278, 1285 (10th Cir. 2007).

[7]*See United States v. Hensley*, 469 U.S. 221, 232 (1985); *Stearns v. Clarkson*, 615 F.3d 1278, 1286 (10th Cir. 2010); *Archuleta*, 523 F.3d at 1285; *see also Baker v. McCollan*, 443 U.S. 137, 147 (1979) ("The Constitution does not guarantee that only the guilty will be arrested.").

[8]*Archuleta*, 523 F.3d at 1285 (quoting *Hill v. Bogans*, 735 F.2d 391, 394 (10th Cir. 1984)).  Unlike the Plaintiff in this case, the plaintiff in *Archuleta* was arrested on a warrant.  *Id.*  Buford was entitled to rely on the probable cause determination made by the Newton police officers as long as her reliance was objectively reasonable, even if that determination ultimately proves to be flawed.  *See Stearns*, 615 F.3d at 1286.  The facts as alleged establish that Buford was entitled to reasonably rely on the fact of Plaintiff's arrest in executing the strip search, as she had no knowledge of the details of the traffic stop.

Defendants' motion to dismiss Count II against Defendant Buford.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to

Reconsider Order and Alter or Amend Judgment (Doc. 40) is **denied**.

**IT IS SO ORDERED.**

Dated: March 22, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

6