IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLAUDIA I. TRUJILLO,                )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )     Case No. 12-2380-JAR-DJW
                                    )
CITY OF NEWTON, KANSAS, et. al.,    )
                                    )
         Defendants.                )
_____ )

# MEMORANDUM AND ORDER

Plaintiff Claudia Trujillo filed this suit against Defendants Bryan Hall, Deanna Mowery, and the City of Newton ("the Newton Defendants"), and against Janell Buford and the Harvey County Board of County Commissioners ("the Harvey County Defendants"), relating to her arrest after a traffic stop, and subsequent strip search at the Harvey County Adult Detention Center on October 29, 2011. The Court previously granted the Harvey County Defendants' motion to dismiss. On July 3, 2013, the Court granted the Newton Defendants' motion for judgment on the pleadings (Doc. 46). Before the Court is Plaintiff's Motion to Reconsider Order and Alter or Amend Judgment (Doc. 48). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Plaintiff's motion.

**I.    Standard**

Under D. Kan. Rule 7.3, a party must file a motion for reconsideration under either Fed. R. Civ. P. 59(e) or 60. Because this motion was filed within twenty-eight days of the challenged Order, the Court construes it as a motion under Rule 59(e).[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an

---

[1] *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).

intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3]

## II. Discussion

Plaintiff moves for reconsideration of the Court's July 3, 2013 Order on the following grounds: (1) the Court erred in construing the Complaint as alleging that the purse containing contraband was accessible to Plaintiff; (2) the Court should have allowed for the qualified immunity defense to be determined on summary judgment; and (3) the Court applied the wrong standard in determining qualified immunity.

### A. Facts Alleged in the Complaint

In deciding the Newton Defendants' motion for judgment on the pleadings, this Court viewed the allegations in the Complaint in the light most favorable to Plaintiff. One of the many allegations relevant to the Court's Fourth Amendment analysis was that during Officer Hall's inventory search, he found the purse containing contraband on the passenger side floorboard next to where Plaintiff had been sitting. Garcia claimed ownership of that purse. At the scene, Plaintiff repeatedly denied knowing anything about the contents of the purse or about drugs.

The Court determined that even if Officers Mowery and Hall committed a Fourth Amendment violation when they searched Plaintiff's purse, they did not violate a clearly

---

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[3] *Servants*, 204 F.3d at 1012.

established right. One of the many facts that the Court relied on in making this determination was that Hall found the purse that contained the contraband on the passenger side floorboard, accessible to Plaintiff. Plaintiff argues that this fact was not alleged in the Complaint and that the Court therefore improperly considered matters outside the Complaint in deciding the motion.

The Complaint clearly alleges that the purse was found in the vehicle during the inventory search.[4] In ¶ 50, the Complaint alleges: "At approximately 9:30 a.m., the recorded audio and video of the incident reveals that Officer Hall and Officer Mowery had some disagreement as to whether Plaintiff should be arrested for transporting illegal drugs. At the same time, Defendant Hall can be heard stating 'the bag was on her (Plaintiff's) side at her feet.'" There is no allegation in the Complaint that creates even an inference that the purse was located somewhere other than where Hall stated that he found the purse. It was not erroneous for the Court to construe the Complaint as alleging this fact, nor was it erroneous for the Court to consider that the Complaint alleges the purse was accessible to Plaintiff. The Court focused on the information believed to be true by the arresting officers in determining whether there was probable cause to arrest Plaintiff.[5] One of the eight pieces of information that the Court identified was that the purse was accessible to Plaintiff because Hall located it on the passenger side floorboard. Because this fact was alleged in the Complaint, the Court did not consider matters outside the pleadings and the motion did not require conversion into a summary judgment motion.

**B.      Conversion to Summary Judgment**

---

[4]Doc. 1 ¶ 33.

[5]*See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Plaintiff next argues that the Court erred in considering qualified immunity on a motion for judgment on the pleadings instead of allowing the parties to present the issue on summary judgment. Plaintiff cites *Ashcroft v. Iqbal*.[6] But that case does not stand for the proposition that qualified immunity claims should be reserved for summary judgment. In fact, the Court stated:

> Our rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.[7]

Plaintiff's argument contradicts the very purpose of the qualified immunity doctrine, which is to provide immunity not just from liability, but also from suit and the other demands of litigation.[8] The Court determined in ruling on the motion for judgment on the pleadings that, assuming the facts alleged are true, the Newton Defendants did not violate Plaintiff's clearly established right under the Fourth Amendment. The qualified immunity defense does not relax the pleading requirements of Fed. R. Civ. P. 8, nor the standard by which the Court should view civil rights claims. Plaintiff's motion to reconsider is denied as to this point of error.

---

[6] 556 U.S. 662 (2009).

[7] *Id.* at 685 (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring)); *see also Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

[8] *See Workman*, 958 F.2d at 336.

## C.  Qualified Immunity Standard

Finally, Plaintiff argues that the Court erred when it stated on page 8 of the Order: "The question is whether it is clearly established that a reasonable officer could not have believed that probable cause existed to arrest Plaintiff, given these facts and circumstances." Instead, Plaintiff contends that the standard should have been framed in the positive: whether a reasonable officer would have believed that probable cause existed. Plaintiff elevates this distinction as dictating whether Plaintiff or Defendant had the burden of proving the reasonable officers' belief.

The Court finds this argument is one of form over substance. Regardless of whether the sentence on page 8 of the Order was written in the positive or negative, the Court applied the correct qualified immunity standard. In Part IV.A.1, the Court recited the qualified immunity standard, which requires the Plaintiff to prove both prongs of this doctrine,[9] including that the right the official violated was clearly established at the time of the challenged conduct. Assuming Plaintiff established a constitutional violation, the Court found that the alleged right Officers Mowery and Hall violated was not clearly established. The Court considered the case law and determined, based on the information known to the officers at the time, that the law did not clearly forbid their conduct. The Court applied the correct standard in finding that the Newton Defendants are entitled to qualified immunity on the Fourth Amendment claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider Order and Alter or Amend Judgment (Doc. 48) is **denied**.

**IT IS SO ORDERED.**

---

[9]Qualified immunity shields government officials from liability for money damages unless the plaintiff shows (1) that the official violated a statutory or constitutional law, and (2) that the right the official violated was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011).

Dated: September 13, 2013

                                                            S/ Julie A. Robinson
                                                           JULIE A. ROBINSON
                                                           UNITED STATES DISTRICT JUDGE